```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
DAVID GUEVARA SANTOS,                                                  :
                                                                       :
                              Plaintiff,                               :
                                                                       :       22 Civ. 1114 (JPC)
              -v-                                                      :
                                                                       :            ORDER
27 PIZZA CAFE CORP. d/b/a PASTAFINA PIZZA and                          :
HASSAN EBRAHEIM,                                                       :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

A hearing on Plaintiff's motion for default judgment, Dkts. 17-19, currently is scheduled for August 9, 2022, at 1:00 p.m., Dkt. 11. It is well-established that "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (cleaned up). In other words, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see also Orozco v. San Antonio Bakery, Inc.*, No. 21 Civ. 2792 (BMC), 2021 WL 4061753, at *1 (E.D.N.Y. Sept. 7, 2021) ("It is equally well settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint. The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested." (citations omitted)). "To determine damages, the court may conduct an inquest, or it may rely upon the affidavits or other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages." *Id.* (citations omitted).

In support of Plaintiff's motion for default judgment, Plaintiff's counsel submitted an attorney affirmation and accompanying exhibits setting forth the legal basis for entry of default judgment as to liability against both Defendants, and counsel's proposed calculation of damages based solely on Plaintiff's allegations in the Complaint. *See* Dkt. 18 ¶¶ 61-91. Plaintiff, however, has not submitted any evidence in support of his request for damages, including evidence of the hours that he worked, the wages that he was paid, and Defendants' violations of the wage notice and wage statement requirements under the Wage Theft Prevent Act, as codified in sections 195 and 198 of the New York Labor Law.

Accordingly, it is hereby ORDERED that, by August 5, 2022, Plaintiff shall submit an affidavit or other documentary evidence in support of his request for damages. Plaintiff shall serve Defendants with a copy of the affidavit or other documentary evidence in support of his request for damages via overnight courier and file proof of service on the docket by August 8, 2022.

It is further ORDERED that Plaintiff serve Defendants with a copy of this Order and file proof of service on the docket by August 4, 2022.

SO ORDERED.

Dated: August 2, 2022
New York, New York

JOHN P. CRONAN
United States District Judge